UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY STEWART FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12 CV 50419 |
| | ) | |
| EDWARD KING, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COME the Defendants, EDWARD KING, MICHAEL BOOKER, TIMOTHY CAMPBELL, GARNHART, TIMOTHY S. HANSON, MARK MARINARO, CRUZ PADRON, T. PETERSON, STEPHEN PIRAGES, CARLA REDD, ROCKFORD POLICE DEPARTMENT, SISOMPHOU, SINGMOUANGTHONG, MARK SORENSON, BRIAN SQUIRES, BRIAN STRAWSER, BRIAN WADSWORTH, DANIEL WATTON, MARCH WELSH, ROCKFORD FIRE DEPARTMENT, CITY OF ROCKFORD PUBLIC WORKS, and CITY OF ROCKFORD and for their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), states as follows:

1. On November 21, 2012, Plaintiff filed his Complaint.

2. Plaintiff's Complaint contains fifty-four (54) Counts against various City of Rockford employees and departments, Winnebago County, its' State's Attorney's Office, and an Assistant State's Attorney.

3. In Count I, Plaintiff alleges a 42 U.S.C. §1983 claim against Officer Edward King related to an incident that occurred on February 5, 2012.

4. In Count II, Plaintiff alleges a 42 U.S.C. §1983 claim against Officer Brian Wadsworth related to an incident that occurred on February 5, 2012.

5. In Count III, Plaintiff alleges a 42 U.S.C. §1983 claim against Officer T. Peterson related to an incident that occurred on February 5, 2012.

6. In Count IV, Plaintiff alleges a 42 U.S.C. §1983 claim against Officer Garnhart related to an incident that occurred on February 5, 2012.

7. In Count V, Plaintiff alleges a 42 U.S.C. §1983 claim against Officer Sisomphou Singmouangthong related to an incident that occurred on June 17, 2007.

8. In Count VI, Plaintiff alleges a 42 U.S.C. §1983 claim against Officer Timothy Campbell related to an incident that occurred on June 17, 2007.

9. In Count VII, Plaintiff alleges a 42 U.S.C. §1983 claim against Officer Brian Strawser related to an incident that occurred on June 17, 2007.

10. In Count VIII, Plaintiff alleges a 42 U.S.C. §1983 claim against Officer Daniel Watton related to an incident that occurred on June 17, 2007.

11. In Count IX, Plaintiff alleges a 42 U.S.C. §1983 claim against Officer Cruz Padron related to an incident that occurred on June 17, 2007.

12. In Count X, Plaintiff alleges a 42 U.S.C. §1983 claim against Officer Brian Squires related to an incident that occurred on June 17, 2007.

13. In Count XI, Plaintiff alleges a 42 U.S.C. §1983 claim against Assistant State's Attorney Matthew Leisten.

14. In Count XII, Plaintiff alleges a 42 U.S.C. §1983 claim against Officer Mark Sorensen related to an incident that occurred on July 2, 2006.

15. In Count XIII, Plaintiff alleges a 42 U.S.C. §1983 claim against Mark Marinaro related to an incident that occurred on July 2, 2006.

16. In Count XIV, Plaintiff alleges a 42 U.S.C. §1983 claim against Stephen Pirages related to an incident that occurred on July 2, 2006.

17. In Count XV, Plaintiff alleges a 42 U.S.C. §1983 claim against Timothy Hanson related to an incident that occurred in April 2007.

18. In Count XVI, Plaintiff alleges a conspiracy claim against Officer Edward King, Officer Brian Wadsworth and Assistant State's Attorney Matthew Leisten.

19. In Count XVII, Plaintiff alleges a battery claim against Officer Edward King related to an incident that occurred on February 5, 2012.

20. In Count XVIII, Plaintiff alleges a false arrest claim against Officer Edward King related to an incident that occurred on February 5, 2012.

21. In Count XIX, Plaintiff alleges a false imprisonment claim against Officer Edward King related to an incident that occurred on February 5, 2012.

22. In Count XX, Plaintiff alleges a battery claim against Officer Brian Wadsworth related to an incident that occurred on February 5, 2012.

23. In Count XXI, Plaintiff alleges a false arrest claim against Officer Brian Wadsworth related to an incident that occurred on February 5, 2012.

24. In Count XXII, Plaintiff alleges a false imprisonment claim against Officer Brian Wadsworth related to an incident that occurred on February 5, 2012.

25. In Count XXIII, Plaintiff alleges a malicious prosecution claim against Assistant State's Attorney Matthew Leisten.

26. In Count XXIV, Plaintiff alleges a false arrest claim against Officer Edward King related to an alleged arrest on January 19, 2012.

27. In Count XXV, Plaintiff alleges a false imprisonment claim against Officer Edward King related to an alleged arrest on January 19, 2012.

28. In Count XXVI, Plaintiff alleges a false arrest claim against Officer Peterson related to an alleged arrest on January 19, 2012.

29. In Count XXVII, Plaintiff alleges a false imprisonment claim against Officer Peterson related to an alleged arrest on January 19, 2012.

30. In Count XXVIII, Plaintiff alleges a false arrest claim against Officer Garnhart related to an alleged arrest on January 19, 2012.

31. In Count XXIX, Plaintiff alleges a false imprisonment claim against Officer Garnhart related to an alleged arrest on January 19, 2012.

32. In Count XXX, Plaintiff alleges a civil conspiracy claim against Officers Squires, Singmouangthong, Campbell, Strawser, Watton, and Padron to interfere with Plaintiff's prospective economic advantage related to an alleged incident on January 17, 2007.

33. In Count XXXI, Plaintiff alleges a claim for interference with Plaintiff's prospective economic advantage against Officer Squires related to an alleged incident on January 17, 2007.

34. In Count XXXII, Plaintiff alleges a claim for interference with Plaintiff's prospective economic advantage against Officer Singmouangthong related to an alleged incident on January 17, 2007.

35. In Count XXXIII, Plaintiff alleges a claim for interference with Plaintiff's prospective economic advantage against Officer Campbell related to an alleged incident on January 17, 2007.

36. In Count XXXIV, Plaintiff alleges a claim for interference with Plaintiff's prospective economic advantage against Officer Strawser related to an alleged incident on January 17, 2007.

37. In Count XXXV, Plaintiff alleges a claim for interference with Plaintiff's prospective economic advantage against Officer Watton related to an alleged incident on January 17, 2007.

38. In Count XXXVI, Plaintiff alleges a claim for interference with Plaintiff's prospective economic advantage against Officer Padron related to an alleged incident on January 17, 2007.

39. In Count XXXVII, Plaintiff alleges a claim of intentional infliction of emotional distress against Mark Marinaro related to an incident alleged to have occurred on July 2, 2006.

40. In Count XXXVIII, Plaintiff alleges a claim of interference with Plaintiff's prospective economic advantage against Timothy Hanson related to an incident alleged to have occurred in April 2007.

41. In Count XXXIX, Plaintiff alleges a claim of interference with Plaintiff's prospective economic advantage against Michael Booker related to an incident alleged to have occurred in April 2007.

42. In Count XXXX, Plaintiff a civil conspiracy claim against Officers Edward King, Brian Wadsworth, Matthew Leisten, T. Peterson, Garnhart, Sisomphou Singmouangthong, Timothy Campbell, Brian Strawser, Daniel Watton, Cruz Padron, Brian Squires, Michael

Booker, Marc Welsh, Carla Redd, Mark Sorensen, Stephen Pirages, Mark Marinaro, and Timothy Hanson to interfere with Plaintiff's prospective economic advantage from July 1, 2006, through February 5, 2012.

43. In Count XXXXI, Plaintiff alleges a trespass claim against Garrett Klein.

44. In Count XXXXII, Plaintiff alleges a 42 U.S.C. §1983 claim against the Rockford Police Department.

45. In Count XXXXIII, Plaintiff alleges a 42 U.S.C. §1983 claim against the Rockford Fire Department.

46. In Count XXXXIV, Plaintiff alleges a 42 U.S.C. §1983 claim against the Winnebago County State's Attorney's Office.

47. In Count XXXXV, Plaintiff alleges a *respondeat superior* claim against the Rockford Police Department.

48. In Count XXXXVI, Plaintiff alleges a *respondeat superior* claim against the Rockford Fire Department.

49. In Count XXXXVII, Plaintiff alleges a *respondeat superior* claim against the Rockford Public Works Department.

50. In Count XXXXVIII, Plaintiff alleges an indemnification claim against the Rockford Police Department.

51. In Count XXXXIX, Plaintiff alleges an indemnification claim against the Rockford Fire Department.

52. In Count XXXXX, Plaintiff alleges an indemnification claim against the Rockford Public Works Department.

53. In Count XXXXXI, Plaintiff alleges a *respondeat superior* claim against the City of Rockford.

54. In Count XXXXXII, Plaintiff alleges a *respondeat superior* claim against the Winnebago County State's Attorney's Office.

55. In Count XXXXXIII, Plaintiff alleges an indemnification claim against the Winnebago County State's Attorney's Office.

56. In Count XXXXXIV, Plaintiff alleges an indemnification claim against the Winnebago County.

Section 1983 Claims Barred by Statute of Limitations

57. Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a complaint once, after the court takes all the facts alleged in the Complaint to be true and construing all inferences in favor of the Plaintiff, the Plaintiff fails to state a claim upon which relief may be granted. *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 618 (7th Cir. 2001).

58. While a statute of limitations defense is not normally part of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. *See Andonissamy v. Hewlett–Packard Co.,* 547 F.3d 841, 847 (7th Cir.2008); *Limestone Dev. Corp. v. Vill. of Lemont,* 520 F.3d 797, 802 (7th Cir.2008).

59. Courts look to the personal injury laws of the state where the injury occurred to determine the statute of limitations in a Section 1983 case. *Wilson v. Ga*rcia, 471 U.S. 261, 280 (1985).

60. Section 1983 claims arising in Illinois are governed by a two-year statute of limitations. *Farrell v. McDonough*, 966 F.2d 279 (7th Cir. 1992), *cert. denied*, 506 U.S. 1084

(1993); *Kalimara v. Illinois Dept. of Corrections*, 879 F.2d 276 (7th Cir. 1989*); Kelly v. City of Chicago*, 4 F.3d 509 (7th Cir. 1993).

61. In Counts V through X, Plaintiff alleges §1983 claims against police officers for an incident alleged to have occurred on June 17, 2007. ***Plaintiff's Complaint, p. 16.***

62. Therefore, Counts V, VI, VII, VIII, IX, and X are time-barred.

63. In Counts XII through XIV, Plaintiff alleges §1983 claims against City employees for an incident alleged to have occurred on July 2, 2006. ***Plaintiff's Complaint, p. 13, 16-17.***

64. Therefore, Counts XII, XII, and XIV are time-barred.

65. In Count XV, Plaintiff alleges a §1983 claims against Timothy Hanson, the Director of Public Works for an incident alleged to have occurred in April 2007. ***Plaintiff's Complaint, p. 13, 16.***

66. Therefore, Count XV is time-barred.

67. In Count XXXXIII, Plaintiff alleges a §1983 claim against the Rockford Fire Department based on the actions of its' employee, Mark Marinaro. The only allegations against Mark Marinaro occurred on July 2, 2006 and are time-barred. ***Plaintiff's Complaint, p. 13, 17.***

68. Therefore, the §1983 claim against the Rockford Fire Department is time-barred.

State Law Claims Barred by the Statute of Limitations

69. 745 *ILCS* 10/8-101 provides:

> (a) No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.
> (b) No action for damages for injury or death against any local public entity or public employee, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be

brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of those dates occurs first, but in no event shall such an action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in the action to have been the cause of the injury or death.

70. In Counts XXXI through XXXVI, Plaintiff alleges a tort for interference with Plaintiff's prospective economic advantage against individual City employees that occurred on June 17, 2007. ***Plaintiff's Complaint, p. 12, 16.***

71. Therefore, Counts XXXI, XXXII, XXXIII, XXXIV, XXXV, and XXXVI are time-barred.

72. In Count XXXVII, Plaintiff alleges a tort for intentional infliction of emotional distress against Mark Marinaro for an incident that occurred on July 2, 2006. ***Plaintiff's Complaint, p. 13, 16-17.***

73. Therefore, Count XXXVII is time-barred.

74. In Counts XXXVIII and XXXIX, Plaintiff alleges a tort for interference with Plaintiff's prospective economic advantage against individual City employees for an incident that occurred in April 2007. ***Plaintiff's Complaint, p. 13, 16.***

75. Therefore, Counts XXXVIII and XXXIX are time-barred.

76. In Count XXXXVI, Plaintiff alleges a *respondeat superior* claim against the Rockford Fire Department based on the actions of its' employee, Mark Marinaro. The only allegations against Mark Marinaro occurred on July 2, 2006 and are time-barred. ***Plaintiff's Complaint, p. 13, 17.***

77. Therefore the *respondeat superior* claim against the Rockford Fire Department is time-barred.

78. In Count XXXXVII, Plaintiff alleges a respondeat superior claim against the Rockford Public Works Department based on the actions of its' director, Timothy Hanson. The only allegations against Timothy Hanson occurred in April 2007, and are time-barred. ***Plaintiff's Complaint, p. 16.***

79. Therefore, the respondeat superior claim against the Rockford Public Works Department is time-barred.

Conspiracy Claims Barred by the Statute of Limitations

80. In Count XXX, Plaintiff alleges a civil conspiracy against police officers to interfere with Plaintiff's Prospective Economic Advantage based on an incident that occurred on June 17, 2007. ***Plaintiff's Complaint, p. 25-26.***

81. It is unclear if Plaintiff is alleging a Section 1983 claim for conspiracy or a state law claim.

82. If Plaintiff was pursuing a §1983 claim for conspiracy, a two-year statute of limitations is applicable. If Plaintiff was pursuing a state law claim for conspiracy, a one-year statute of limitations is applicable.

83. Thus, the conspiracy claim is barred by the statute of limitations under both analyses.

84. In Count XXXX, Plaintiff alleges a civil conspiracy against numerous City employees and an Assistant State's Attorney to interfere with Plaintiff's prospective economic advantage from July 1, 2006, to February 5, 2012. ***Plaintiff's Complaint***, ***p. 29.***

85. As the Seventh Circuit has noted, "a rule allowing plaintiffs in civil conspiracy actions to recover only for overt acts alleged to have occurred within the applicable limitations period makes sense. *Scherer v. Balk*, 840 F.2d 437, 440 (7th Cir. 1988).

86. The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action. To permit him to wait and toll the running of the statute simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy would be to enable him to defeat the purpose of the time bar, which is to preclude the resuscitation of stale claims. *Scherer* at 440, citing *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981).

87. A complaint must at least identify (1) the parties to the conspiracy, (2) the general purpose of the conspiracy, and (3) the approximate date of the conspiracy. *Loubser v. Thacker,* 440 F.3d 439, 443 (7th Cir.2006).

88. "The plaintiff must meet a high standard of plausibility" when alleging "a vast, encompassing conspiracy." *Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir.2009).

89. "Even before the Supreme Court's new pleading rule ... conspiracy allegations were often held to a higher standard than other allegations; mere suspicion that persons adverse to the plaintiff had joined a conspiracy against him or her was not enough." *Id.*

90. A complaint consisting of nothing more than " 'naked assertion[s]' devoid of 'further factual enhancement,' " must be dismissed under Rule 8. Ashcroft v. *Iqbal,* 556 U.S. 662, 678 (2009).

91. Plaintiff's Complaint alleges specific incidents on July 2, 2006, in April 2007, on June 17, 2007, on January 19, 2012, and on February 5, 2012, involving different individuals and in most instances, different City departments.

92. Plaintiff is attempting to circumvent the statute of limitations by alleging a vast conspiracy between July 1, 2006 and February 5, 2012, without any factual basis.

93. Plaintiff has failed to adequately plead a civil conspiracy claim in Count XXXX.

94. Therefore, Count XXXX should be dismissed.

WHEREFORE, for the foregoing reasons, the Defendants, EDWARD KING, MICHAEL BOOKER, TIMOTHY CAMPBELL, GARNHART, TIMOTHY S. HANSON, MARK MARINARO, CRUZ PADRON, T. PETERSON, STEPHEN PIRAGES, CARLA REDD, ROCKFORD POLICE DEPARTMENT, SISOMPHOU, SINGMOUANGTHONG, MARK SORENSON, BRIAN SQUIRES, BRIAN STRAWSER, BRIAN WADSWORTH, DANIEL WATTON, MARCH WELSH, ROCKFORD FIRE DEPARTMENT, CITY OF ROCKFORD PUBLIC WORKS, and CITY OF ROCKFORD, respectfully request this Court grant their Motion to Dismiss pursuant to Rule 12(b)(6) and dismiss Counts V, VI, VII, VIII, IX, X, XII, XIII, XIV, XV, XXX, XXXI, XXXII, XXXIII, XXXIV, XXXVII, XXXVIII, XXXIX, XXXX, XXXXIII, XXXXVI, and XXXXVII.

Dated: March 22, 2013                                        Respectfully submitted,


                                                         By: /s/ Angela L. Hammer
                                                       Angela L. Hammer, Assistant City Attorney

City of Rockford Department of Law
425 E. State St.
Rockford, IL 61104
(815) 987-5540