IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY STEWART FOREMAN, | ) | |
| | ) | |
| Plaintiff | ) | Case No: 12 CV 50419 |
| | ) | |
| v. | ) | |
| | ) | Judge: Iain D. Johnston |
| EDWARD KING, et al. | ) | |
| | ) | |
| Defendants | ) | |

## ORDER

Plaintiff's motion for leave to file his second amended complaint [38] is granted. Defendants' motion to dismiss [21] is moot. If the defendants wish to file a motion to dismiss the second amended complaint, they are granted leave until 9/10/2013 to do so. The status hearing previously set for 8/29/2013 at 9:00AM is stricken and is reset to 9/12/2013. No appearances are needed on 8/29/2013. If the Defendants decide to file a motion to dismiss, the briefing schedule will be set at the presentment of that motion.

## STATEMENT

The plaintiff requests leave to file a second amended complaint [38] to address issues raised by the defendants in their motion to dismiss [21]. Defendants King, Wadsworth, Peterson, Garnhart, Singmouangthong, Campbell, Strawser, Watton, Padron, Squires, Booker, Welsh, Redd, Sorensen, Pirages, Marinaro, Hanson, the Rockford Police Department, the Rockford Fire Department, the City of Rockford Public Works, and the City of Rockford (collectively the "City of Rockford Defendants") filed a response in opposition to the motion for leave to amend. The City of Rockford Defendants argue that plaintiff's second amended complaint "does not resolve any of the issues challenged in Defendants' Motion to Dismiss Plaintiff's Amended Complaint." Defendants Leisten, Winnebago County, and the Office of the Winnebago County State's Attorney did not respond to the plaintiff's motion.

Federal Rule of Civil Procedure 15(a) provides that after a party has amended its pleadings once as a matter of right, "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Reasons for denying leave include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment...." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

The City of Rockford Defendants do not argue that there is undue delay, bad faith, dilatory motive, repeated failure to cure, or undue prejudice. Indeed, none of these factors are implicated here. Specifically, the plaintiff timely filed his motion on July 15, 2013, the date that amended pleadings were due. Additionally, there is no indication that granting the plaintiff's motion will impact the current discovery schedule. Fact discovery is set to close on December 20, 2013.

That leaves only futility. A proposed amendment is futile if it could not withstand a Rule 12(b)(6) motion to dismiss. *Peoples v. Sebring Capital Corp.*, 209 F.R.D. 428, 430-31. (N.D. Ill. 2002). Although the City of Rockford Defendants have the burden of showing that the amendment would be futile, they did not explain to the Court which of the plaintiff's proposed amendments are futile. *See Jackson Nat. Life Ins. Co. v. Greycliff Partners, Ltd.*, 2 F. Supp. 2d 1164, 1168 (E.D. Wis. 1998) (affirming the Magistrate Judge's decision granting leave to file second amended complaint). Rather, the City of Rockford Defendants' argument consists solely of the following sentence: "Plaintiff's Second Amended Complaint does not resolve any of the issues challenged in Defendants' Motion to Dismiss Plaintiff's Amended Complaint." By failing to develop an argument in opposition to the motion for leave, or to cite any authority in support of their position, the City of Rockford Defendants have forfeited any argument that the proposed amendments would be futile. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

Moreover, magistrate judges are judges of limited power and cannot rule on dispositive motions. See 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for … summary judgment…[and] to dismiss for failure to state a claim upon which relief can be granted..."); *see also* Fed. R. Civ. P. 72 (magistrate judges must decide pretrial matters dispositive of a claim by issuing a report and recommendation to the district court when such matters are assigned to the magistrate judge by the district court). In light of this Court's limited power, whether the amendment is "futile" is more appropriately decided by the district court's review of a fully-briefed dispositive motion, rather than on a motion seeking leave to file an amended complaint. *See Jackson Nat. Life Ins. Co.*, 2 F. Supp. 2d at 1168 ("While time may show that some or all of the plaintiff's claims will not succeed, I believe that the court should make that decision based on a fully-briefed dispositive motion, not on a finding of futility.")

Accordingly, plaintiff's motion for leave to file second amended complaint [38] is granted. Defendants' motion to dismiss [21] is moot. If defendants wish to file an amended motion to dismiss, they are granted until 9/10/2013 to do so. The status hearing previously set for 8/29/2013 at 9:00AM is stricken and is reset to 9/12/2013. No appearances are needed on 8/29/2013. No appearances are needed on 8/29/13. If the Defendants decide to file a motion to dismiss, the briefing schedule will be set at the presentment of that motion.

Date: August 20, 2013                                    /s/ Iain D. Johnston